## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CIVIL CASE NO. 5:20-cv-00182-MR

SHAWN DEWAYNE PARKS,    )
    )
       Petitioner,    )
    )
    vs.    )    **O R D E R**
    )
ERIK A. HOOKS, Secretary of    )
Department of Public Safety,[1]    )
    )
       Respondent.    )
_____ )

**THIS MATTER** is before the Court on initial review of the *pro se*

Petitioner's § 2254 Petition for Writ of Habeas Corpus [Doc. 1].

## I.  BACKGROUND

Shawn Dewayne Parks (the "Petitioner") is a prisoner of the State of

North Carolina who claims that he was convicted on April 22, 2003 of one

count of common law robbery in Iredell County Superior Court.  [Doc. 1 at

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that "the petition must name as respondent the state officer who has custody" of the petitioner. Rule 2(a), 28 U.S.C. foll. § 2254.  North Carolina law mandates that the Secretary of the Department of Public Safety is the custodian of all state inmates and has the power to control and transfer them.  See N.C. Gen. Stat. § 148-4 (2017) ("The Secretary of Public Safety shall have control and custody of all prisoners serving sentence in the State prison system[.]").  Accordingly, Erik A. Hooks, the current Secretary of Public Safety, is the proper respondent in this action.

1].[2]  The Petitioner did not appeal to the North Carolina Court of Appeals. [Id. at 2].

The Petitioner filed a Motion for Appropriate Relief ("MAR") in the Iredell County Superior Court.  [Id. at 6].  On January 13, 2013, the Iredell County Superior Court denied the Petitioner's MAR.  [Id.].

The Petitioner filed a petition for writ of habeas corpus in Scotland County Superior Court.  [Id. at 7].  On April 23, 2020, the Scotland County Superior Court denied the petition.  [Id.].  The Petitioner appealed to the North Carolina Court of Appeals.  [Id]  On August 8, 2020, the North Carolina Court of Appeals dismissed the Petitioner's appeal.  [Id. at 8].

On or around November 10, 2020, the Petitioner filed the present habeas petition in this Court.  [Id.].[3]

_____

[2] While the Petitioner claims that he was convicted on one count of common law robbery on April 22, 2003, the Court's review of the offender information provided by the North Carolina Department of Public Safety shows no conviction for common law robbery. See NCDPS, Offender Search, Offender Public Information Search/Inmate Locator, Entry for Shawn D Parks  https://www.ncdps.gov/dps-services/crime-data/offender-search  (last visited Nov. 23, 2020).

[3] Under Houston v. Lack, an inmate's pleading is filed at the time he or she delivers it to the prison authorities for forwarding to the court clerk.  487 U.S. 266, 270 (1988). Here, the Petitioner does not provide the date that the petition was placed in the prison mail system. The envelope in which the petition was mailed, however, is post-marked November 10, 2020. [Doc. 1-2]. Accordingly, the Court finds that the petition was filed on or around November 10, 2020

2

## II.    DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitations period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

The Petitioner allegedly appealed of his April 22, 2003 conviction to the North Carolina Court of Appeals.  As such, the Petitioner's conviction became final on May 6, 2003, when the time for seeking direct review

expired.  See N.C. R. App. P. 4(a)(2) (allowing 14 days for the filing of notice of appeal from entry of criminal judgment); Gonzalez v. Thaler, 565 U.S. 134, 137 (2012) ("[F]or a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires.").  The AEDPA's one-year statute of limitations then began running on May 6, 2003 and ran for 365 days until it expired on May 6, 2004.  The Petitioner, however, did not file the present Petition until November 13, 2020.  [Doc. 1].   As such, it appears that this habeas petition is time-barred under § 2244(d)(1)(A) because it was filed over a year after the Petitioner's judgment became final.  Accordingly, the petition is subject to being dismissed as untimely unless the Petitioner can demonstrate that his habeas petition is subject to statutory tolling under § 2244(d)(1)(B), (C), or (D), or that equitable tolling should otherwise apply.[4]

The Petitioner has not provided an explanation for the delay in filing his habeas petition and does not appear to assert that any of the other exceptions in § 2244(d)(1) apply to his habeas petition.   Because the Petitioner has not provided an explanation for the delay in filing his habeas

---

[4] "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

4

petition, the Court will provide the Petitioner 21 days to explain why his habeas petition should not be dismissed as untimely, including any reasons why equitable tolling should apply.  See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).

**IT IS, THEREFORE, ORDERED** that the Petitioner shall, within 21 days of entry of this Order, file a document explaining why his § 2254 Petition for Writ of Habeas Corpus should not be dismissed as untimely. Failure to comply with this Order shall result in dismissal of the petition without further notice.

**IT IS FURTHER ORDERED** that the Clerk of Court is respectfully directed to substitute Erik A. Hooks, Secretary of the North Carolina Department of Public Safety, as the respondent in this action.

**IT IS SO ORDERED.**

Signed: November 30, 2020

Martin Reidinger
Chief United States District Judge